TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0608-KB

RACHELLE NICHOLE HOWELL                      MOVANT

V.                 IN SUPREME COURT

KENTUCKY BAR ASSOCIATION               RESPONDENT

## OPINION AND ORDER GRANTING REINSTATEMENT

Rachelle Nichole Howell was admitted to practice law in the Commonwealth of Kentucky on October 7, 2003. Her Kentucky Bar Association ("KBA") member number is 89867, and her bar roster address is 305 Circle Drive, Shepherdsville, Kentucky 40165. She was suspended from the practice of law on March 14, 2019, and now seeks reinstatement. Both the Character and Fitness Committee of the Kentucky Office of Bar Admissions ("Committee") and the KBA Board of Governors ("Board") recommend approval of this application. Having reviewed the record developed below, we agree with the Committee and Board and grant Howell's application for reinstatement with conditions.

**STANDARDS FOR REINSTATEMENT**

Kentucky Supreme Court Rule ("SCR") 2.300 sets forth certain "reinstatement guidelines" to be applied to applications for reinstatement to the practice of law for someone who has been suspended pursuant to a disciplinary case. Pursuant to this rule, the applicant in a reinstatement case "has the burden of proving by clear and convincing evidence that he/she possesses the requisite character, fitness and moral qualification for readmission to the practice of law." *See* SCR 2.300(6) (citing SCR 3.330). Whether the applicant possesses these qualifications is the primary concern when determining whether a suspended attorney should be reinstated. *See Doan v. Kentucky Bar Ass'n,* 423 S.W.3d 191, 200 (Ky. 2014). To aid in resolving that question, SCR 2.300(6) provides a non-exhaustive list of issues to be considered, including:

(a) Whether the applicant has presented clear and convincing evidence that he/she has complied with every term of the order of suspension or disbarment.

(b) Whether the applicant has presented clear and convincing evidence that his/her conduct while under suspension shows that he/she is worthy of the trust and confidence of the public.

(c) Whether the applicant has presented clear and convincing evidence that he/she possesses sufficient professional capabilities to serve the public as a lawyer.

(d) Whether the applicant has presented clear and convincing evidence that he/she presently exhibits good moral character.

(e) Whether the applicant has presented clear and convincing evidence that he/she appreciates the wrongfulness of his/her prior misconduct, that he/she has manifest contrition for his/her prior professional misconduct, and has rehabilitated himself/herself from past derelictions.

The applicant's "[f]ailure to meet any of these criteria may constitute a sufficient basis for denial of a petitioner's application." SCR 2.300(6).

Furthermore, an applicant for reinstatement "will be held to a substantially more rigorous standard than a first-time applicant for an initial admission to the Bar." SCR 2.300(7). "The prior determination that he/she engaged in professional misconduct continues to be evidence against him or her, and the proof presented must be sufficient to overcome that prior adverse judgment." *Id.* Thus, in addition to the criteria listed in SCR 2.300(6), other "considerations to be weighed" include:

> The nature of the misconduct for which the applicant was suspended or disbarred.
>
> The applicant's conception of the serious nature of his or her act.
>
> The applicant's sense of wrongdoing.
>
> The applicant's previous and subsequent conduct and attitude toward the courts and the practice, including the element of time elapsed since disbarment.
>
> The applicant's candor in dealing with the Character and Fitness Committee.
>
> The relevant knowledge of witnesses called by the applicant.

SCR 2.300(7).

### FACTUAL AND PROCEDURAL BACKGROUND

Howell was admitted to practice law in October 2003. She initially worked for the Louisville Public Defender's Office before starting in private practice. Her initial foray into private practice was brief before she accepted employment with the Department of Public Advocacy's ("DPA") Post-Conviction

3

Branch. In 2010, in lieu of resignation, Howell accepted a demotion from Staff Attorney II to Staff Attorney I. Shortly after that, she left DPA to start a solo practice which operated until her suspension in 2019.

## I.   Prior Disciplinary History

To provide a complete and thorough picture of the events giving rise to the present reinstatement application, we find it necessary to briefly discuss Howell's disciplinary history.

### A. Private Admonitions

Howell received three private admonitions before her 2019 suspensions. The first was issued in 2010 due to Howell's failure to act with reasonable diligence and promptness in representing several clients and failing to keep them informed of the status of their matters. Howell's second admonition was in 2015, again for failing to act with reasonable diligence and promptness in representing a client, as well as providing financial assistance to a client for pending litigation and for disobeying an obligation under the rules of a tribunal. Howell's final private admonition was issued in 2016, again for failing to act with reasonable diligence and promptness in representing a client as well as failing to promptly comply with a reasonable request of information and failing to take reasonable steps to protect a client's interest upon termination.

### B. First 2019 Suspension

On order of this Court, Howell was suspended on March 14, 2019, for 181 days. The suspension was the result of a consolidated case including ten separate KBA complaints against Howell. The ten complaints resulted in the

Board recommending to this Court that we find Howell guilty of violating SCR 3.130-1.3 (nine counts); 3.130-1.4(a)(3); 3.130-1.4(a)(4) (nine counts); 3.130-1.15(e); 3.130-1.16(d) (ten counts); and 3.130-8.1(b). For these violations, the Board had recommended a 181-day suspension with ninety days to serve and ninety-one days probated for two years. The Board's recommendation also included conditions of participation in the Kentucky Lawyers Assistance Program ("KYLAP"), additional continuing education, attendance at the Ethics Professional Enhancement Program ("EPEP"), making restitution within two years of her probation, and payment of the costs associated with the disciplinary proceeding. We accepted the Board's recommendation of a finding of guilt but rejected the Board's recommended sanctions.

This Court exercised its right to review the Commission and Board's recommendations de novo. *Kentucky Bar Ass'n v. Jacobs*, 387 S.W.3d 332, 337 (Ky. 2012) (quoting *Kentucky Bar Ass'n v. Jones*, 759 S.W.2d 61, 63-64 (Ky. 1988)). We unanimously held the Board's recommended sanction was inadequate in that a ninety-day suspension permitted Howell's automatic reinstatement pursuant to SCR 3.510(2). In light of Howell's prior admonitions and charges, we held reinstatement should be subject to the Committee's approval as required by SCR 3.510(1). Therefore, we suspended Howell for one hundred eighty-one days with the following additional conditions: that she continue with her KYLAP monitoring agreement; that she receive, at her own expense, at least three hours of continuing legal education on topics relevant to law office management; that she immediately make restitution to her impacted

clients totaling $7,197 plus interest; that she promptly notify and protect her clients pursuant to SCR 3.390; that she cancel any advertising for the duration of the suspension; that she not accept any new clients during the period of suspension; and that she pay the costs of the action totaling $6,725.93.

**C. Second 2019 Suspension**

In a separate order, this Court suspended Howell on September 26, 2019, for thirty-days. *Howell v. Kentucky Bar Ass'n,* 583 S.W.3d 413 (Ky. 2019). This suspension was a negotiated sanction pursuant to SCR 3.480(2) resulting from a pending disciplinary matter that was not consolidated into the prior action. At issue was a five-count charge. Count I alleged Howell violated SCR 3.130(1.3) by failing to properly serve the opposing party. Count II alleged Howell violated SCR 3.130(1.4)(a)(3) by failing to respond to the client's attempts to contact her. Count III alleged Howell violated SCR 3.130(1.5)(a) by collecting a fee from her client and failing to diligently complete her work, including failure to complete service upon the opposing party. Count IV alleged Howell violated SCR 3.130(1.15)(e) by failing to deposit the fee payments into an escrow account in the absence of a client-signed advance fee agreement as required by SCR 3.130(1.5)(f). Count V alleged Howell violated SCR 3.130(1.16)(d) by failing to return the unearned portion of the fee to her client upon termination of the representation.

Howell admitted she violated these rules, and we accepted the negotiated sanction of a thirty-day suspension, conditioned upon Howell's refunding to the client the unearned portion of her fee and continued participation in

6

KYLAP. We made the suspension of Howell retroactive to March 14, 2019, and effective until she completed her reinstatement pursuant to SCR 3.510.

## II.   Current Reinstatement Proceedings

### A. Character and Fitness Committee

Howell filed the present application for reinstatement on November 14, 2019. Pursuant to SCR 3.510(3), her application was referred to the Committee, which received it on November 18, 2019. The Committee sent a Character & Fitness Questionnaire to Howell, which was returned on December 26, 2019. The Committee received the last of Howell's references in March 2020. The full committee of seven members closely reviewed our Orders, Howell's Character and Fitness Questionnaire, her application for readmission, Howell's deposition, past and present criminal and civil records involving Howell, and the responses of Howell's references, which were all positive.

Howell acknowledged her past issues with alcohol abuse, which contributed to her professional lapses. In support of her reinstatement, Howell submitted records showing her diligent efforts to address this behavior. The start of her efforts predated her suspension and include inpatient and outpatient treatment at Kentucky facilities, as well as regular participation in KYLAP. The Committee also noted Howell's questionnaire indicated several ongoing financial issues. The most significant is Howell's Internal Revenue Service ("IRS") obligation for unpaid back taxes. The debt resulted from unpaid obligations during her time in solo practice and the associated penalties and interest. The IRS considers the obligation "currently not collectible," but it will

7

remain and incur penalties and interest until paid. Ms. Howell indicated that once she can resume employment, she intends to repay the obligation and that she is currently in a repayment plan with the Commonwealth of Kentucky for back state taxes owed.

The Committee gave great weight to the positive reference provided by a sitting circuit judge. The judge provided an "overwhelmingly positive" assessment of Howell's professional capabilities, stating he knew Howell as both a Louisville Public Defender and private practice attorney. He considered Howell a "talented lawyer" to whom he had personally referred family members in the past. Since the judge took the bench, Howell had appeared before him on multiple occasions. While he was aware of her past difficulties, the judge was confident in Howell's ability to resume her legal duties.

The Committee also reviewed this Court's ordered sanctions, finding Howell had complied with all of their terms. Howell provided notice of her suspension and supplied proof of such notice. Howell completed her EPEP requirement and the ordered CLE requirements. Central to the Committee's consideration, Howell had been fully compliant with the terms of her KYLAP monitoring agreement. The director of the KYLAP program was confident in Howell's ability to function in the future.

Based on this evidence, the Committee found Howell had fully complied with the suspension order and was worthy of the public trust. It further found that Howell provided clear and convincing evidence that she presently exhibits good moral character as testified to by her references. The Committee found

8

Howell's behavior indicated that Howell has successfully rehabilitated herself from "her past inappropriate conduct...which led to her unethical behavior."

The Committee unanimously recommended that the Board approve Rachelle Nichole Howell's reinstatement request with conditions. The Committee recommended Howell sign a Conditional Admission Agreement, pursuant to SCR 2.042. The Committee's recommended conditions included: (1) that the agreement be for two years; (2) that Howell continue in a KYLAP consent agreement for the two years; and (3) that Howell enter into a repayment plan with the IRS regarding the outstanding tax debt and provide periodic reports to the Committee as to that debt.

## B. Board of Governors

The Board undertook its review of Howell's case and thoroughly reviewed the record before it. The Board emphasized the positive nature of the evidence and findings of fact regarding Howell's extraordinary progress concerning the substance abuse issues that almost certainly led to her suspension. Howell's acknowledgment of these issues and her proactive steps to receive treatment were positive factors. The Board recognized that Howell has been fully compliant with the KYLAP monitoring program during her suspension, continues to attend meetings, and indicated she plans to do so for the foreseeable future.

The Board recognized that Howell's reference letters, including one from a circuit judge, unanimously supported Howell with respect to SCR 2.300's reinstatement factors. Specifically, the Board referenced Howell's support from

9

the judge and his assessment that, despite Howell's past difficulties, he thought well of her, would be glad to have her appear in his courtroom, and felt reinstatement was warranted.

The Board also addressed Howell's financial issues. The Board found it unsurprising that Howell's alcohol issues and subsequent suspension resulted in significant financial difficulties. The Board acknowledged Howell's statements that she intends to address the IRS obligations once she can successfully resume employment, hopefully as an attorney.

The Board accepted the Committee's findings of fact and determined that Rachelle Nichole Howell has met all the requirements for reinstatement pursuant to SCR 2.300. Howell satisfied all the administrative requirements, including all CLE requirements for the year ending June 30, 2021. Further, the Board determined that Howell's conduct since her suspension demonstrated an appropriate degree of rehabilitation to support readmission. The Board had one concern with the condition proposed by the Committee, i.e., that Howell enter a repayment plan with the IRS as a condition of reinstatement. The Board agreed that Howell needed to address her tax obligation but had reservations about imposing a condition over which Howell had little or no control. Howell could not compel the IRS to agree to a repayment plan, and it would be unfair to impose such a condition on Ms. Howell's reinstatement. Therefore, the Board recommended Howell be reinstated with the following conditions:

a. Board unanimously agreed that Howell sign a two-year Conditional Admission Agreement pursuant to SCR 2.042.

10

b. Board unanimously agreed that Howell enter into a two-year KYLAP Consent Agreement.

c. By a vote of 18-3, the Board recommended that Howell's reinstatement is conditioned on her contacting the IRS regarding repayment of the debt, and she be compliant with any IRS payment directives.[1]

**DISCUSSION**

Pursuant to SCR 2.300(6), we now consider whether Howell satisfied her burden of proving by clear and convincing evidence that she possesses the character, fitness, and moral qualifications necessary for readmission to the practice of law in this Commonwealth. In doing so, we consider the non-exhaustive list of issues for consideration outlined in SCR 2.300(6) and SCR 2.300(7). However, we are also mindful that the reinstatement process should serve the overall interests of justice and fairness while also maintaining the integrity of the profession and protecting the public. Lastly, we note that this Court is the final determiner of reinstatement. While we consider the recommendations from the Committee and the Board, under SCR 3.510(3), the discretion to enter a final order granting or denying reinstatement rests solely with this Court.

Upon review, we are satisfied that Howell has met the requirements of SCR 2.300(6)-(7) and by clear and convincing evidence has demonstrated her eligibility for reinstatement. We agree with the Board and Committee that

---

[1] The three Board members voting against the final condition would not have imposed any condition relating to the IRS on Howell.

11

Howell has demonstrated full compliance with the terms of her prior suspensions and evidence that she possesses sufficient professional capabilities and moral character to again practice law. We agree with the Board's recommended conditions of a two-year Conditional Admission Agreement and KYLAP Monitoring Agreement. We disagree with the Board's condition regarding the IRS debt.

We agree the IRS debt is a concern, and Howell should pursue its repayment diligently. The Board's condition is significantly less prescriptive than the Committee's original recommended condition, but we still find the direct involvement of an unaffiliated third party to the reinstatement to be unwise. Often, we include restitution payments to third parties as part of suspension conditions, but those payments are to parties directly wronged by the misconduct in question and who have no realistic path to seek recovery elsewhere. We have in the past included the development and monitoring of a debt repayment plan as part of a lawyer's reinstatement. *Njuguna v. Kentucky Bar Ass'n*, 600 S.W.3d 264, 265-66 (Ky. 2020). But in that case, the repayment plan and monitoring were to be formulated and overseen by the Character and Fitness Committee, not an outside third party. *Id.* The IRS debt is materially and functionally different. While the debt appears to be primarily a result of Howell's solo practice operation, it is not directly the result of the professional lapses for which she was suspended. Perhaps more importantly, the IRS has its own robust debt collection mechanisms. That is not to say Howell should not proactively address the IRS debt. Doing so would be in her best interests.

However, we believe including a requirement that Howell be in negotiations with the IRS is improper.

ACCORDINGLY, IT IS HEREBY ORDERED that Rachelle Nichole Howell, KBA Member No. 89867, is restored to the practice of law in the Commonwealth of Kentucky, subject to the following conditions:

1) Howell sign a two-year Conditional Admission Agreement pursuant to SCR 2.042;

2) Howell enter into a two-year KYLAP Consent Agreement;

3) Pursuant to SCR 3.500(4), Howell is directed to pay all costs associated with these disciplinary proceedings in the amount of $758.17. If KBA costs exceed the posted bond, Howell will pay for any additional costs. If there is any amount remaining in the bond after the costs associated with these disciplinary proceedings have been paid, this will be refunded back to Howell. This Order of Reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs in this action.

All sitting. All concur.

ENTERED:  February 18, 2021.

_____
CHIEF JUSTICE MINTON

13